United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DOREATHA LONG-WALKER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-0445 |
| | § | |
| FORT BEND ISD, ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, proceeding pro se, asserts multiple claims against Defendant Fort Bend Independent School District for employment discrimination, retaliation, and hostile work environment.[1]  *See* ECF 12.   The case now is before the Court on Defendant Fort Bend Independent School District's Motion to Dismiss Plaintiff's Amended Complaint.[2]  ECF 21.  Having reviewed the parties' submissions and the law, the Court grants in part and denies in part FBISD's Motion to Dismiss.[3]

---

[1] The parties have consented to the jurisdiction of this United States Magistrate Judge for all purposes, including final judgment.  ECF 25.

[2] The Court has previously dismissed all claims against Individual Defendants Tonya Curtis, Christie Whitbeck, Paige Moyer, and members of the Fort Bend ISD Board of Trustees: Judy Dae, Dr. Shirley Rose-Gilliam, David Hamilton, Kristen Davison Malone, Rick Garcia, Angie Hanan, and Sonya Jones except for hostile work environment claims brought pursuant to 42 U.S.C. § 1981 and the Fourteenth Amendment.  ECF 54.

[3] The Court has reviewed and considered all arguments and issues raised by the parties, whether or not explicitly addressed herein.

## I. Factual and Procedural Background

Fort Bend Independent School District (FBISD) hired Plaintiff, an African American woman, as a teacher in August 2019. ECF 12-2 at 27, 49. During the 2020-2021 school year she was assigned to Baines Middle School. ECF 12 at 6. FBISD transferred Plaintiff from Baines Middle School to David Crocket Middle School (DCMS) for the 2021-2022 school year. *Id.* Plaintiff filed employee grievances on May 28, 2021 and June 12, 2021 asserting that she was transferred because she complained about race and disability discrimination and retaliation. ECF 12-1 at 28-31.

On August 22, 2021, Plaintiff informed DCMS administrators that she would be absent the next day and stated that due to being "illegally transferred because of Discrimination, everything is messed up." ECF 12-2 at 39. On August 26, 2021, Plaintiff sent an email to multiple parties, including the DCMS principal, Dr. Tonya Curtis, complaining that classrooms were not cleaned according to Covid protocols and this was "problematic and dangerous" due to Plaintiff's asthma. ECF 12-2 at 17-18. Dr. Curtis responded that she and Plaintiff would have a meeting to discuss Plaintiff's claims "when you return to work." *Id.*

On September 6, 2021, Dr. Curtis, sent an email to Plaintiff's teaching team about a plan to cover another teacher's classes when that teacher was out caring for her mother. ECF 12-1 at 38-39. In her September 7, 2021 response, Plaintiff

contended that Curtis's September 6, 2021 email triggered her anxiety. ECF 12-1 at

37.   Plaintiff also raised concerns about COVID-19 protocols; accused Curtis of

retaliating against Plaintiff for filing of an Occupational Safety and Health

Administration (OSHA) complaint and contacting the EEOC; represented that she

was filing an employee grievance; and stated that she would not be in to work that

day.   *Id.*   OSHA received Plaintiff's Whistleblower Complaint on September 7,

2021.  ECF 12-2 at 32-33; ECF 29 at 51.  The EEOC received Plaintiff's Charge of

Discrimination on October 6, 2021.  ECF 29 at 45.

Defendants contend that, on October 4, 2021, Plaintiff requested and was

granted Temporary Disability Leave (TDL) and she did not return to work until after

her TDL expired on April 1, 2022.  ECF 21 at 9.  A May 26, 2022 letter sent from

FBISD to Plaintiff following her termination states that Plaintiff was notified on

April 28, 2022 that she had exhausted her allotment of TDL for the 2021-22 school

year.  ECF 12-2 at 47.

On March 8, 2022, before Plaintiff's TDL expired, Stacie Gibson sent

Plaintiff a letter summarizing the results of an "interactive process meeting" and

listing ADA accommodations that FBISD agreed to make for Plaintiff.  ECF 12-2 at

24.  On March 9, 2022, Gibson informed Plaintiff that FBISD could not mandate

that others wear a mask when meeting with Plaintiff, and that Plaintiff was expected

to attend a DCMS open house on March 24, 2022.  ECF 12-1 at 9-10.   Plaintiff

followed up by sending Gibson two emails accusing FBISD of ADA violations and retaliation.  ECF 12-1 at 12-14.

Plaintiff alleges that she was "ambushed" and forced to attend "an unscheduled retaliatory and discriminatory investigation on April 20, 2022" during which she was reprimanded for speaking out about her complaints, which lead to a panic attack.  ECF 12 at 3-4.  Also on April 20, 2022, Plaintiff sent an email to Complaints Management at the Texas Education Association reporting the lack of a classroom assistant to provide in class support for students at DCMS and noting that the problem has been ongoing since April 1, 2022.  ECF 12-1 at 6.  In addition to her allegations regarding discrimination and retaliation, Plaintiff also alleges that an employee named Ms. Lombana called Plaintiff the "N" word and created a hostile environment and that Dr. Curtis, other Individual Defendants, and FBISD allowed the conduct to continue.  The harassment at DCMS allegedly "caused Plaintiff anxiety and panic attacks to the point where Plaintiff was very ill and did not want to come to work."  ECF 12 at 7.  Plaintiff filed the following grievances in April 2022 related to her treatment at DCMS:

- April 20, 2022 grievance asserting Team Leader Lombana discriminated and retaliated against Plaintiff for filing an EEOC charge and sabotaged Plaintiff's job by not accommodating her and not including her in meetings (ECF 12-2 at 8);

- April 20, 2022 grievance asserting retaliation for filing an EEOC charge, failure to accommodate her disability, and "bullying unprofessionalism & harassment" (ECF 12-2 at 16);

- April 20, 2022 grievance asserting that Dr. Curtis retaliated against her and sabotaged her by reassigning her high performing students to another teacher causing her to have low scores (ECF 12-2 at 42);

- April 22, 2022 grievance asserting Defendants retaliated against her for filing an EEOC charge and conducted a "bogus" investigation causing her to have to pay ambulance and hospital fees (ECF 12-2 at 19);

- April 29, 2022 grievance asserting she received a "Notice of Non-Renewal because I blew the whistle of violations of law by FBISD for attempting to take my job also because I filed an EEOC charge" (ECF 12-1 at 2).

Christie Whitbeck sent Plaintiff a Notice of Termination on May 10, 2022, stating that, after a lawfully called meeting of the Board of Trustees on May 9, 2022, the Board voted to accept the Superintendent's recommendation to terminate Plaintiff's probationary contract with FBISD. ECF 12-1 at 1. That same day Plaintiff filed another grievance asserting that "FBISD terminated my contract because I filed an EEOC charge because of discrimination based on race, disability & retaliation as well as for whistleblowing when SPED children were not given in

class support." ECF 12-1 at 3. FBISD representatives held a grievance meeting with Plaintiff on May 12, 2022 to address her April and May grievances. After an investigation, Rhonda Mason, Executive Director of Elementary Schools, wrote a letter to Plaintiff dated May 26, 2022 concluding "I am unable to identify any indication the decision to terminate your contract was discriminatory or retaliatory in nature, and you have not alleged the decision was erroneous, unreasonable, or otherwise improper." ECF 12-2 at 45-48.

Plaintiff's Exhibits indicate that she filed a claim with the Texas Workforce Commission (TWC) on July 10, 2022, possibly regarding unemployment benefits. ECF 12-2 at 35. The TWC Notice of Telephone Hearing indicates there was an initial determination on August 10, 2022, and the TWC set a hearing for September 1, 2022 on FBISD's appeal, but details of the claim and the results are not contained in the record. ECF 12-2 at 35. In addition, the record does not contain a determination or right to sue letter from the EEOC regarding Plaintiff's October 2021 EEOC charge.

Plaintiff initially filed this lawsuit on February 6, 2024 (ECF 1) and then filed an Amended Complaint on February 29, 2024. ECF 12. The Individual Defendants have liberally construed Plaintiff's Amended Complaint to assert claims under (1) Title VII; (2) the ADA; (3) § 504 of the Rehabilitation Act; (4) 42 U.S.C. § 1981; (5) 42 U.S.C. § 1982; (6) conspiracy; (7) the First Amendment; and (8) the

Fourteenth Amendment.   ECF 21 at 7.   Plaintiff's Response mirrors FBISD's characterization of her claims, except that Plaintiff denies asserting Title VII, ADA, and 42 U.S.C. § 1982 claims and asserts her conspiracy claim under 42 U.S.C. §§ 1985 and 1986.  *See* ECF 27 at 11-12.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).   In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).   However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for

summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court has considered Plaintiff's Exhibits attached to her Amended Complaint and Response, all of which are central to Plaintiff's claims. ECF 12-1, ECF 12-2, ECF 27 at 1-4, 43-69.

## III.   Analysis

FBISD argues that all of Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6) because the Amended Complaint fails to state a plausible claim for relief. The Court addresses each of the causes of action listed in Section I above.

### A. Plaintiff's Title VII, ADA, and 42 U.S.C. § 1982 claims, if any, are dismissed.

Plaintiff states in her Response that she "NEVER filed 1. An ADA claim or 2. A Title VII claim." ECF 27 at 12 (emphasis in original), 17. Plaintiff does not address 42 U.S.C. § 1982, which addresses discrimination in the conveyance of real

and personal property and is not applicable here.[4] Plaintiff has abandoned or disclaimed claims under Title VII, the ADA, and 42 U.S.C. § 1982 and therefore, to the extent any such claims are asserted in the Amended Complaint they are dismissed with prejudice.

**B. Plaintiff's discrimination and failure to accommodate claims under § 504 of the Rehabilitation Act claim are dismissed, but her retaliation claim survives FBISD's Motion to Dismiss.**

The Rehabilitation Act prohibits discrimination against a qualified individual with a disability by any program or activity receiving federal financial assistance. *Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999). Plaintiff alleges in the Amended Complaint that FBISD discriminated against her because of her disabilities, failed to accommodate her disabilities, and retaliated against her for seeking an accommodation. ECF 12 at 23; ECF 27 at 18. Plaintiff's Rehabilitation Act claims are subject to the *McDonnell Douglas* burden-shifting test under which Plaintiff must first establish the elements of a prima facie case. *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021).

---

[4] Defendant interprets the statement in the Amended Petition that Plaintiff is asserting claims for unlawful discrimination in violation of "42 U.S.C. § 1981 through 1983" as an assertion of a claim under 42 U.S.C. § 1982. ECF 21 at 19. The Court interprets the phrase "through 1983" as an acknowledgment that § 1983 provides a remedy for violations of § 1981. *See Montgomery-Smith v. George*, 810 F. App'x 252, 256 (5th Cir. 2020) (holding that claims for violations of rights secured by § 1981 must be asserted "through § 1983").

### 1. Discrimination

A plaintiff establishes a prima facie case of discrimination under the Rehabilitation Act by showing that "(1) she is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that she was discriminated against 'solely by reason of her or his disability.'" *Houston*, 17 F.4th at 585. The Amended Complaint contains allegations of multiple reasons Plaintiff believes FBISD wrongfully terminated her employment. However, the Amended Complaint fails to allege that Plaintiff was terminated *solely* because of her disability. For this reason, the Amended Complaint fails to state a prima facie claim for disability discrimination.

### 2. Failure to Accommodate

The elements of a prima facie case of failure to accommodate under § 504 of the Rehabilitation Act are: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2021). The Amended Complaint and Response contain multiple references to FBISD's failure to accommodate her disabilities of anxiety, asthma, and panic disorder, but does not contain allegations as to when Plaintiff requested an accommodation, what accommodation she requested, and when it was denied. *See, e.g.,* ECF 27 at 3 ¶ 29

(alleging generally that "Fortbend ISD etal knew about Plaintiff's disabilities and denied her accommodations from August 17, 2021-February 1, 2022."). Even considering Plaintiff's Affidavit attached to her Response as if it were a supplement to her Amended Complaint, she fails to state a claim. The documents she references—an August 8, 2021 email notice that Human Resources received her application for an online position (Response Ex. B); a September 7, 2021 email to Tonya Curtis saying it is too hot in the classroom and she has asthma (Response Ex. K); a May 13, 2021 letter from Dr. Polk stating that Plaintiff is under his care and plans to work virtually on August 17, 2021 (Amended Complaint Ex. 11); and a September 13, 2021 letter from Dr. Thomas Williamson stating that she is at a high risk for COVID-19 complications and should be excused from meetings (Amended Complaint Ex. 26)—do not support an allegation that FBISD denied Plaintiff reasonable accommodations. Further, attached to Plaintiff's Complaint as Ex. 29 is a March 8, 2022 letter from Stacie Gibson, FBISD Director of Talent Experience, reflecting that FBISD met with Plaintiff on February 4, 2022 and engaged in an interactive process with Plaintiff regarding her request for the following accommodations: (1) 20 minute breaks as needed from meetings (not during instructional periods); (2) release from faculty meetings; and (3) release from after school duties. ECF 12-2 at 24. The letter reflects that FBISD granted Plaintiff the substantial accommodations of being permitted to attend meetings via Teams or

11

other electronic platform, to mute the audio for twenty minutes as needed, and to be provided with noise-cancelling headphones. *Id.* Her afterschool duties to were limited to one hour. *Id.* The accommodations were to remain in place through May 27, 2022 or until FBISD received an updated letter from Plaintiff's doctor. *Id.* Construing Plaintiff's pro se pleading liberally, the Amended Complaint fails to state a plausible claim that FBISD denied Plaintiff's requests for reasonable accommodations.

### 3. Retaliation

A prima facie case of retaliation under the Rehabilitation Act, requires a showing that the plaintiff (1) engaged in protected activity, (2) suffered an adverse employment action, and (3) a causal connection exists between the two. *Taylor v. Univ. of Mississippi Med. Ctr.*, No. 23-60246, 2024 WL 512559, at *3 (5th Cir. Feb. 9, 2024).

The Amended Complaint is disjointed and confusing but does allege that Plaintiff complained to her superiors about her concerns related to Covid-19 and her disabilities, and also made at least one formal request for reasonable accommodations that was considered by FBISD shortly before her termination. ECF 12 at 8; ECF 12-2 at 24. As to causation, a plaintiff must show that the adverse action would not have occurred "but for" the protected activity. *See Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013)

(holding that it is plaintiff's burden on summary judgment to create "a conflict in substantial evidence on the question of whether the employer would not have taken the action 'but for' the protected activity). Close timing between the protected activity and the adverse action may provide the causal connection needed to make out a prima facie case of retaliation. *Id.* But when temporal proximity is the only evidence of causation, the proximity must be "very close." *Id.* The Fifth Circuit has held a time lapse of four months to be sufficiently close, but a five-month lapse requires other evidence of retaliation. *Id.* Here, the interactive process meeting between Plaintiff and FBISD took place on February 4, 2022, and the letter outlining the agreed accommodations is date March 8, 2022. ECF 12-2 at 24. Plaintiff was terminated on May 9, 2022. ECF 12 at 9.

Solely as a matter of pleading at the motion to dismiss state, the Amended Complaint satisfies the elements of a prima facie case of retaliation. Therefore, FBISD's Motion to Dismiss Plaintiff's retaliation claim under the Rehabilitation Act is denied.

### C. Plaintiff's discrimination claim under 42 U.S.C. § 1981 is dismissed but her retaliation and hostile work environment claims survive FBISD's Motion to Dismiss.

Section 1981(a) provides:

[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

laws and proceedings for the security of persons and property as is enjoyed by white citizens ...

42 U.S.C. § 1981(a); *Udoka v. Shell Pipeline Co., L.P.*, No. CV H-22-4374, 2024 WL 5264721, at *2 (S.D. Tex. Dec. 31, 2024) (citing 42 U.S.C. § 1981(a)). In order to succeed on a claim of discrimination under § 1981, a plaintiff must show: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Konan v. United States Postal Serv.*, 96 F.4th 799, 804 (5th Cir. 2024) (citation omitted). A claim for retaliation under § 1981 has the same elements as set forth above. *West v. Honeywell Int'l Inc.*, 558 F. Supp. 3d 369, 379 (S.D. Tex. 2021) (setting forth elements of a prima facie case of retaliation under § 1981). Significantly, § 1981 protects an employee only from actions based on race or ethnicity. The Amended Complaint alleges that Plaintiff is an African-American female, but it contains no allegation that Plaintiff was terminated because of her race. Therefore, Plaintiff's claim brought pursuant to § 1981 for race discrimination is dismissed.

Plaintiff's Amended Complaint alleges that she suffered a racially hostile work environment, was retaliated against for complaining about it, and that FBISD policies and procedures enabled the harassment. *See, e.g.*, ECF 12 at 5-7. These claims are cognizable under § 1981. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008) (holding that 42 U.S.C. § 1981 encompasses claims of retaliation);

*Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021) (setting forth the elements of a § 1981 hostile work environment claim). Without commenting on the merits of the claims and solely as a matter of pleading, FBISD's Motion to Dismiss Plaintiff's § 1981 claims is denied as to claims for retaliation and hostile work environment.

### D. Plaintiff's conspiracy claims are dismissed.

The Amended Complaint alleges that the Defendants conspired to terminate her contract. *See, e.g.,* ECF 12 at 29. The Amended Complaint does not cite 42 U.S.C. §§ 1985 and 1986, but Plaintiff's Response cites these statutes as the source of her conspiracy claim. ECF 29 at 36-37. Section 1985(3) provides a remedy for a person injured by a conspiracy entered "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C.A. § 1985(3). Section 1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." 42 U.S.C. § 1986.

"A cognizable claim under 42 U.S.C. § 1986 is predicated upon a valid claim under § 1985." *Paz v. Weir*, 137 F. Supp. 2d 782, 819 (S.D. Tex. 2001).

> To state a claim under § 1985, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which

> causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus.

*Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994) (citations omitted). In *Hilliard*, the Fifth Circuit "follow[ed] the reasoning of . . . other courts on this question and [held] that a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for purposes of § 1985(3)." *Id.* at 653; *see also Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (holding that a corporate entity and its employees constitute a "single legal entity which is incapable of conspiring with itself," citing *Hilliard*, 30 F.3d at 653); *Max-George v. Houston Police Dep't*, No. CV H-17-2264, 2020 WL 6322283, at *3 (S.D. Tex. Oct. 28, 2020) (stating "Fifth Circuit precedent holds that a governmental entity and its employees constitute a 'single legal entity which is incapable of conspiring with itself' for purposes of section 1985(3)").

Plaintiff argues that she sufficiently pled a conspiracy claim because the Individual Defendants were copied on her March 9, 2022 email to multiple parties, including the EEOC. ECF 29 at 36-37; ECF 12-1 at 7-13. It is unclear how Plaintiff's act of copying multiple parties proves the recipients of the email were engaged in a conspiracy. An allegation that Plaintiff informed Individual Defendants of her allegations of discrimination is no substitute for factual allegations supporting each element of § 1985(3) and § 1986. The allegations in the Amended

Complaint are far too general to state a plausible claim that the Individual Defendants engaged in conspiracy to deny Plaintiff's civil rights. Repleading cannot cure the defects in Plaintiff's conspiracy claim because under Fifth Circuit precedent a single legal entity, such as FBISD and its employees, cannot conspire with itself. *Hilliard*, 30 F.3d at 652–53. Therefore, Plaintiff's conspiracy claims under §§ 1985 and 1986 are dismissed.

### E. Plaintiff's First Amendment claim is dismissed.

Plaintiff alleges that FBISD violated her First Amendment right to free speech. To state a claim under 42 U.S.C. § 1983 for violation of First Amendment rights, a public employee must allege: (1) she suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the protected speech motivated the defendant's conduct. *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016). The inquiry under the second prong of the test is whether the plaintiff was speaking primarily as a private citizen or as an employee acting in connection with her duties. *Id.* at 523. The inquiry is a practical one. *Id.* (citing *Garcetti v. Ceballos*, 547 U.S. 410, 424-25 (2006) and *Lane v. Franks*, 573 U.S. 228, 239-40 (2014)).

Plaintiff alleges that she engaged in protected activity by filing "internal grievances for race and disability discrimination as well as retaliation and a hostile

work environment" and by "emailing and speaking out about her constitutional rights." ECF 12 at 2. The various emails and grievances to which Plaintiff refers were precipitated by her personal complaints about her own employment and thus were made primarily in her role as an employee, not as a private citizen. To the extent Plaintiff relies on her complaint to the TEA about a teaching assistant, the complaint addresses Plaintiff's own needs as a teacher for in class support. ECF 12 at 27. To the extent Plaintiff relies on her September 2021 complaint to OSHA regarding COVID-19 protocols, again the complaint appears to have been made out of concern for her own health in the classroom, but in any event it occurred months before her May 2022 termination and she cannot satisfy the requirement to show that he OSHA complaint motivated the decision to terminate her. The Amended Complaint fails to state a First Amendment violation and FBISD's Motion to Dismiss this claim is granted.

**F. Plaintiff's Fourteenth Amendment due process claims are dismissed.**

The Fourteenth Amendment guarantees the rights to due process and equal protection. U.S. Const. amend. XIV § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). There are two types of due process—procedural and substantive. *See*

*Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016) (stating: "The guarantee of due process enshrined in the Fourteenth Amendment has two components—(1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interests, and (2) a substantive protection against conduct that 'shocks the conscience.'" (citations omitted)).

To state a claim for violation of procedural due process, a plaintiff must allege she was deprived of a liberty or property interest without the opportunity to be heard at a meaningful time and in a meaningful manner. *Brock v. Roadway Exp., Inc.*, 481 U.S. 252, 261 (1987). The Court construes Plaintiff to allege the deprivation of her property right in her employment contract. Under Texas law, teachers, particularly those working under a probationary contract like Plaintiff, do not have a property interest in continued employment. TEX. EDUC. CODE § 21.204(e); *McCullough v. Lohn*, 483 F.2d 34, 34 (5th Cir. 1973) (holding that a probationary teacher could have no expectancy of re-employment that would entitle him to the safeguards of procedural due process). Even if Plaintiff could demonstrate a protected property interest, her allegations fail to show that she was deprived of due process because FBISD afforded her a meaningful opportunity to challenge the termination of her contract. Plaintiff received all the due process to which she was entitled through FBISD's consideration of her grievances filed pursuant to FBISD's grievance policies. Plaintiff's own documents demonstrate that she filed a grievance regarding

19

her termination and participated in a hearing and had her grievance investigated by the Executive Director of Elementary Schools. ECF 12-2 at 45-48. Plaintiff's Fourteenth Amendment procedural due process claim is dismissed.

The Amended Complaint fails to clearly articulate a substantive due process claim. To state a claim for violation of substantive due process, a plaintiff must allege egregious, arbitrary government conduct that "shocks the conscience" or "interferes with rights 'implicit in the concept of ordered liberty.'" *SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 352 (5th Cir. 2024) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 880 (5th Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The Fifth Circuit has recognized that:

> Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that 'violates the decencies of civilized conduct'; conduct that is 'so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency'; conduct that 'interferes with rights implicit in the concept of ordered liberty'; and conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012) (quoting *Lewis*, 523 U.S. at 846-47 and n.8). Many cases recognizing substantive due process rights involve extreme force and serious bodily injury. *Id.* (citing cases).

Plaintiff's Amended Complaint does not allege facts that show the kind of egregious, shocking conduct that the Fifth Circuit has recognized as a violation of substantive due process rights. Plaintiff's Fourteenth Amendment substantive due process claim is dismissed.

### G. Plaintiff's Fourteenth Amendment equal protection claim based on a hostile work environment survives FBID's Motion to Dismiss.

The Fifth Circuit has explained the nature of an equal protection claim as follows:

> The usual equal protection challenge is 'that a statute discriminates on its face … against certain [protected] groups or trenches upon certain fundamental interests.' Equal protection also protects against the 'unlawful administration by state officers of a state statute fair on its face, resulting in unequal application to those who are entitled to be treated alike.' To be a 'class of one,' the plaintiff must establish (1) he was 'intentionally treated differently from others similarly situated' and (2) there was no rational basis for any such difference. These 'isolated events that adversely affect individuals' presumptively do not violate equal protection.

*Wilson v. Birnberg*, 667 F.3d 591, 599 (5th Cir. 2012) (all citations omitted). The Supreme Court has held that the "class of one" theory of equal protection does not apply to discretionary employment decisions in the public employment context. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 606 (2008). Therefore, Plaintiff's equal protection claim based on her termination is dismissed.

However, the Fifth Circuit has held that the Equal Protection Clause protects individuals from a race-based hostile work environment. *Johnson v. Halstead*, 916

21

F.3d 410, 417 (5th Cir. 2019).  The current briefing doesn't address whether Plaintiff can satisfy the requirements for holding an employer liable for the hostile work environment created by its employees.   Plaintiff alleges that her supervisors acted with deliberate indifference to her rights both by not preventing conduct and by participating in the creation of a racially hostile work environment.  *See* ECF 12 at 5-7.   While the Court takes no position on the merits of Plaintiff's hostile work environment Fourteenth Amendment equal protection claim, the claim survives FBISD's Motion to Dismiss the claim.

### H. The dismissal of Plaintiff's claims is with prejudice and without leave to amend.

A district court should generally give a plaintiff leave to amend a deficient pleading.  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019). However, the court may deny leave to amend when amendment would be futile.  *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile" (internal citations omitted)); *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024) (holding where amendment would be futile, there can be no abuse of discretion). Denial of leave to amend is also appropriate where a plaintiff has previously been given leave to amend.  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (finding no abuse of

discretion in denying leave to amend where plaintiff had already amended twice); *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (holding denial of leave to amend appropriate when plaintiff has pled his best case).   Here, Plaintiff has already amended her Complaint, and the Court considered new allegations asserted in her Motion to Dismiss Response. ECF 12; ECF 27.   Therefore, the dismissal of Plaintiff's claims is with prejudice, without leave to amend.

## IV.   Conclusion and Order

For the reasons discussed above it is

ORDERED that FBISD's Motion to Dismiss is  GRANTED in  part  and DENIED in part.  The following claims are DISMISSED WITH PREJUDICE:

1. Title VII, the ADA, and 42 U.S.C. § 1982;

2. Rehabilitation Act §504 discrimination;

3. 42 U.S.C. §1981 discrimination;

4. Conspiracy under 42 U.S.C. §§ 1985 and 1986;

5. First Amendment; and

6. Fourteenth Amendment due process and equal protection to the extent based on Plaintiff's transfer or termination;

The following claims survive FBISD's Motion to Dismiss;

1. Rehabilitation Act retaliation;

2. Section 1981 retaliation and hostile work environment;

3. Fourteenth Amendment equal protection based on hostile work environment.

It is further

ORDERED that the stay governing this case is lifted and discovery may proceed on the surviving claims.

Signed on February 25, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge